TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000477-KB

FINAL
DATE 12/28/16 Kim Redmon, DC

KENTUCKY BAR ASSOCIATION                                     MOVANT


V.                              IN SUPREME COURT


ROBERT HANSFORD HOSKINS                              RESPONDENT


## OPINION AND ORDER

Respondent, Robert Hansford Hoskins, is licensed to practice law in Kentucky and was previously licensed to practice law in Ohio. In June 2016, Hoskins' Ohio license was suspended indefinitely, subject to reinstatement by the Supreme Court of Ohio. *See Cincinnati Bar Assn. v. Hoskins*, __ N.E.3d __, 2016-Ohio-4576, 2016 WL 3554465 (Ohio 2016). The Kentucky Bar Association's Office of Bar Counsel has filed a petition for reciprocal discipline under SCR 3.435.

Hoskins' last known bar roster address is 1040 Richwood Avenue, Cincinnati, Ohio 45208. His KBA Member No. is 87199, and he was admitted to the practice of law in the Commonwealth of Kentucky on May 1, 1998.

Hoskins was found to have committed misconduct in several cases. In the first, identified as the "Krause Bankruptcy," he filed bankruptcy petitions with multiple deficiencies, and failed to appear and show cause why he should not be held in contempt for missing a hearing. The bankruptcy court fined him

$500. In the second case, "The Amer Dissolution," Hoskins failed to complete a Qualified Domestic Relations Order and failed to respond to multiple requests from his client to do so.

In the third case, "The Loury Collection Matter," he failed to attend a hearing because of a scheduling conflict and instead had another attorney unfamiliar with the case attend. The court continued the Loury hearing but requested documentation of the scheduling conflict. Hoskins had received, but not read, an email notifying him that the other hearing had been postponed and actually learned of the postponement the morning of the hearing. Nonetheless, he did not inform the court in Loury's case of those facts when he provided the requested documentation. Also, in response to a letter about the resulting disciplinary matter, Hoskins implied that the attorney standing in for him actually met with the client before speaking with the judge, though other testimony directly conflicted with that claim.

In the fourth case, the "Fee Sharing and Referral Fees" matter, Hoskins contracted to accept referral of social security disability cases from a Massachusetts company in exchange for a percentage of his fee. Ohio's rules only permit fee sharing with non-lawyers in limited circumstances and regulated referral services. The Massachusetts company was not a proper lawyer referral service.

In the fifth case, "the Games Dissolution," Hoskins failed to provide a billing statement about the use of an advance fee payment, failed to respond to a request for a refund, and ultimately refunded the fee from a source other than his escrow account, where the funds should have been maintained.

2

In the sixth case, the "False Attorney Registration" matter, Hoskins failed to update his attorney registration to reflect a change in his employment after the firm he had worked for, Hoskins & Muzzo LLP, dissolved. His failure to update was a false, misleading, or nonverifiable communication, and falsely implied that he practiced in a partnership.

In the last case, "The Long Personal-Injury Matter," Hoskins neglected the client's legal matter, failed to keep her reasonably informed about the status of her case, and failed to promptly deliver property that she was entitled to receive. He falsely claimed that he had sent the client's file to her new counsel and failed to respond to a demand for information from a disciplinary authority.

Hoskins was found to have violated multiple ethical rules in each of these cases. No mitigating factors were found to be present, but several aggravating factors—prior discipline (including a suspension in Kentucky), multiple instances of misconduct, refusal to acknowledge the wrongful nature of the misconduct, and failure to make timely restitution in one case—were found to be present. Ohio's Board of Professional Conduct recommended that the Ohio Supreme Court "indefinitely suspend Hoskins from the practice of law and that his reinstatement be conditioned on his (1) completion of a continuing-legal-education ("CLE") course focused on law-office management, (2) obtaining a passing score on the Multistate Professional Responsibility Examination, and (3) payment of the costs of this proceeding." *Hoskins,* 2016-Ohio-4576, ¶ 39. Hoskins instead requested a stayed suspension or a period of monitored probation.

The Ohio Supreme Court declined this request, stating:

> Hoskins does not appreciate the magnitude of his own misconduct—even though it touches virtually every aspect of his practice, including how he attracts clients, his fee agreements with those clients, where he deposits the money he receives from his clients, how he communicates (or fails to communicate) with them, whether he returns their files or the unearned portion of their fees upon the termination of his representation, how he interacts with the courts in handling their legal matters, and how he conducts himself in his own dealings with the court. His misconduct demonstrates a disturbing pattern of neglect and an ongoing failure to comply with established rules and procedures—not to mention a flagrant disobedience of court orders and a troubling propensity to engage in dishonesty when his actions are questioned

*Id.* ¶ 43. The court then suspended Hoskins indefinitely. It left open the possibility that he could be reinstated, but only if he passed the conditions proposed by the Board of Professional Conduct. Three of the court's justices dissented on the grounds that they would instead have permanently disbarred Hoskins.

Under Kentucky Supreme Court Rule 3.435(4), a lawyer shall be subject to identical discipline in the Commonwealth of Kentucky "unless [he] proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that the misconduct established warrants substantially different discipline in this State." SCR 3.435(4)(a)–(b). Although he was given the opportunity to make these showings, Hoskins did not do so, having failed to respond to this Court's show-cause order.

This Court does not ordinarily impose indefinite suspensions, as our rules contemplate generally that "discipline may be administered by way of private reprimand, public reprimand, suspension from practice for a definite

4

time, ... or permanent disbarment." SCR 3.380(1). Nonetheless, an indefinite suspension is allowed where an attorney has failed to answer a charge. SCR 3.380(2). Although that is not exactly what has occurred here, since Hoskins did answer the charges in Ohio, he has failed to participate in the proceedings in this state. Moreover, this Court sees no reason why Hoskins should not be subjected to identical discipline in this state.

Finally, although Hoskins' suspension is indefinite, the question whether he must notify clients and courts of his suspension is raised. Ordinarily, under SCR 3.390(b), such notice is required only if the suspension exceeds 60 days or is for failure to pay dues or to complete required continuing legal education. Suspension for the latter causes is indefinite, like in this case. We think Hoskins' indefinite suspension is sufficiently similar to suspension for failure to pay bar dues or to complete CLE to warrant similar treatment. Thus, Hoskins will be required to notify his clients and courts in which he has matters pending of his suspension as he would under SCR 3.390(b).

**Order**

Seeing no reason why Hoskins should not be subjected to identical discipline in this state under SCR 3.435, it is hereby ORDERED that:

1.     The Kentucky Bar Association's petition for reciprocal discipline is GRANTED. Respondent, Robert Hansford Hoskins, is indefinitely suspended from the practice of law in the Commonwealth of Kentucky.

2.     As stated in SCR 3.390(a), this order shall take effect on the tenth day following its entry. Hoskins is instructed to promptly take all

5

reasonable steps to protect the interests of his clients. He shall not during the term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

3. As under SCR 3.390, Hoskins must, within 10 days after the issuance of this order of suspension from the practice of law, notify by letter duly placed with the United States Postal Service all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Hoskins shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. He shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. In accordance with SCR 3.450, Hoskins is directed to pay any costs associated with these disciplinary proceedings against him, should there be any, and execution for such costs may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: December 15, 2016.

CHIEF JUSTICE